IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AUNDRAY DESEAN HALL, #T4417                                      PETITIONER

v.                                                                             CIVIL NO. 1:23-cv-257-LG-LGI

KYLE CUMINING                                                    RESPONDENT

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I.   BACKGROUND

Pro se Petitioner Aundray Desean Hall ("Petitioner"), an inmate of the South Mississippi Correctional Institution in Leakesville, Mississippi, brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is proceeding *in forma pauperis* ("IFP"). *See* Order [4]. On the same day Petitioner filed this civil action, the Clerk of Court sent Petitioner a Notice of Assignment [1-1] warning Petitioner that a failure to comply with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case.

In order to evaluate Petitioner's habeas claims, the Magistrate Judge entered an Order directing Petitioner, on or before November 27, 2023, to file a written response providing specific information. *See* Order [5]. The Order warned Petitioner that failure to timely comply with any Order of this Court

would result in the dismissal of this case.

When Petitioner did not respond, the Magistrate Judge entered an Order to Show Cause [6] which directed that, on or before December 26, 2023, Petitioner: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with a Court Order; and (2) comply with the Court's previous Orders by filing his written. The Show Cause Order [6] warned Petitioner that failure to timely comply with the Order would result in the dismissal of this action. Petitioner did not respond to the Order to Show Cause [6], nor did he otherwise contact the Court about his case.

Since Petitioner is proceeding pro se and out of an abundance of caution, the Court provided Petitioner with one final opportunity to comply with the Court's Orders [5],[6]. On January 9, 2024, the Magistrate Judge entered a Final Order to Show Cause [7] which directed that, on or before January 23, 2024, Petitioner: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders; and (2) comply with the Court's previous Orders by filing his written response. The Final Order to Show Cause [7] also warned Petitioner that failure to timely comply with the Order would result in the dismissal of this case "without further notice." Final Order to Show Cause [7] at 2. Petitioner did not respond to the Final Order to Show Cause [7]. Petitioner has not contacted the Court or taken any action in his case since it was filed on October 4, 2023.

## II. <u>DISCUSSION</u>

The Court has the authority to dismiss an action for a petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions. *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Petitioner did not comply with three Court Orders after being warned that failing to do so would result in the dismissal of his lawsuit. *See* Final Order to Show Cause [7] at 1; Order to Show Cause [6] at 1; Order [5] at 2. Despite these warnings, Petitioner has not contacted the Court or taken any action in the case since October 4, 2023. Such inaction represents a clear record of delay, and it is apparent that Petitioner no longer wishes to pursue this case. As the record demonstrates, lesser sanctions than dismissal have not prompted

"diligent prosecution," but instead such efforts have proven futile.  *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005).   Dismissal without prejudice is warranted.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.

**SO ORDERED AND ADJUDGED** this the 8th day of February, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

4